UNITED STATES DISTRICT COURT

DISTRICT OF UTAH

| | |
|---|---|
| **WIRESPROUT, LLC,**<br><br>　　　　　　Plaintiff,<br><br>v.<br><br><br>**MING CONG ZHAN d/b/a ZUOMENG,**<br><br>　　　　　　Defendant. | **MEMORANDUM DECISION AND ORDER GRANTING PLAINTIFF'S MOTION FOR ALTERNATIVE SERVICE**<br><br>Case No.: 2:24-cv-00925<br><br>District Court Judge Robert J. Shelby<br><br>Magistrate Judge Dustin B. Pead |

　　　　Before the court is Plaintiff Wiresprout LLC's (Plaintiff) *ex parte* Motion for Alternative Service (Motion).[1] Plaintiff seeks to serve Ming Cong Zhan d/b/a/ Zuomeng (Defendant) via e-mail under Federal Rule of Civil Procedure 4(f)(3).[2] As set forth below, the court GRANTS the Motion.

## BACKGROUND

　　　　This a copyright infringement action against Defendant for alleged unlawful infringement of Plaintiff's protected sprinkler wiring and repair devices.[3] Plaintiff sells its products on its

---

[1] ECF No. 6, Motion for Alternative Service Under Rule 4(f)(3).

[2] Fed. R. Civ. P. 4(f)(3).

[3] ECF No. 5 at ¶ 37

1

website and Amazon.[4] Based on the information available to Plaintiff, Defendant is an individual with a principle place of business in Xiamen, China.[5] After Plaintiff learned of Defendant's alleged infringement, Plaintiff submitted an infringement notification to Amazon.[6] In response, Defendant filed a counter-notice which allows Amazon to repost the allegedly counterfeit materials unless Plaintiff files a federal lawsuit within 10 days of the infringement.[7] In its counter-notice, Defendant consented to federal jurisdiction "where Amazon may be found" and agreed to accept service of process.[8] Defendant provided its e-mail address to Amazon as: dweishi@163.com.[9]

On March 6, 2025 Plaintiff filed its pending Motion requesting to serve process on Defendant by email under Federal Rule of Civil Procedure Rule 4(f)(3).[10]

## LEGAL STANDARDS

Rule 4(f) of the Federal Rules of Civil Procedure governs service of an individual outside the United States. The rule allows for service "by any internationally agreed means of service . . . such as those authorized by the Hague Convention on the Service Abroad of Judicial and

---

[4] *Id.* at ¶ 12.

[5] *Id.* at ¶ 6

[6] ECF No. 6 at 2.

[7] 17 U.S.C. § 512(g); ECF No. 5-5, Exhibit E. Plaintiff filed it complaint against Defendant on December 16, 2024. *See* ECF No. 1, Complaint.

[8] ECF No. 5-5, Exhibit E ("I am located outside of the United States and I consent to the jurisdiction of any judicial district in which Amazon may be found . . . I agree to accept service of process from the person who provided notification under section (c)(1)(C) or an agent of such person.").

[9] *Id.*

[10] ECF No. 6.

Extrajudicial Documents."[11] Where there is no internationally agreed means of service, an individual in a foreign country may be served by a "method that is reasonably calculated to give notice . . . or by other means not prohibited by international agreement, as the court orders."[12]

Rule 4 does not require other attempts at service before Plaintiff requests service by "other means" under Rule 4(f)(3).[13] Rather, courts have concluded that Rule 4(f) does not create a hierarchy of preferred methods of service, and parties are not required to comply with Rule 4(f)(1) or 4(f)(2) before seeking service under Rule 4(f)(3).[14] Service under Rule 4(f)(3) has two requirements: (1) service "must comport with constitutional notions of due process," and (2) service "must not be prohibited by international agreement."[15] Under the first requirement, notice must be "reasonably calculated, under all the circumstances, to apprise interested parties of the pendency of the action and afford them an opportunity to present their objections."[16] The second requirement requires the court to inquire as to whether "the alternative service method in question is 'prohibited' by the agreement."[17]

---

[11] Fed. R. Civ. P. 4(f)(1).

[12] Fed. R. Civ. P. 4(f)(2)(3).

[13] *Rio Properties v. Rio International Interlink,* 284 F.3d 1007, 1014-15 (9th Cir. 2002).

[14] *Love-Less Ash Co., Inc. v. Asia P. Constr., LLC,* 2021 U.S. Dist. LEXIS 157375 at *4 (D. Utah Aug. 19, 2021) (citing *Rio Properties,* 284 F. 3d at 1015 (9th Cir. 2002)).

[15] *DP Creations, LLC v. Ke Yi Ke Er Shenzhen Toys Co.,* 2023 U.S. Dist. LEXIS 165943 at *3 (D. Utah Sept. 18, 2023) (citing *Rio Properties,* 284 F.3d at 1015).

[16] *Id.* (citing *Mullane v. Cent. Hanover Bank & Tr. Co.,* 339 U.S. 306, 314, 70 S. Ct. 652, 94 L. Ed. 865 (1950)).

[17] *DP Creations, LLC v. Chen Jiaheng,* 2023 U.S. Dist. LEXIS 10399 at *2 (D. Utah Jan. 19, 2023) (citing *Compania de Inversiones Mercantiles, S.A. v. Grupo Cementos de Chihuahua S.A.B. de C.V.,* 970 F.3d 1269, 1294 (10th Cir. 2020)).

Ultimately, the decision to order service of process under Rule 4(f)(3) "is committed to the sound discretion of the district court."[18]

## DISCUSSION

Plaintiff asks the court to permit alternative service of the complaint and summons by e-mail.

### 1. Service By E-mail Comports With Constitutional Notions Of Due Process

Service by e-mail meets the first requirement of Rule 4(f)(3) because courts have determined that service by e-mail is reasonably calculated to provide notice of an action and comports with constitutional notions of due process.[19] Here, Defendant has agreed to accept service of process and serving Defendant at the e-mail address that Defendant provided is reasonably calculated to give him notice of this lawsuit. Further, as an online seller, Defendant relies on electronic communications to communicate with customers, domain registrars, service providers and web hosts, which further demonstrates the reliability of this method of communication with Defendant under these circumstances.

### 2. Service By E-mail Is Not Prohibited By International Agreement

Second, service of process by e-mail also satisfies the second requirement because international agreements do not prohibit service by e-mail. This court has determined that the

---

[18] *Stream SICAV v. Wang,* 989 F. Supp. 2d 264, 278 (S.D.N.Y. 2013) (quoting *United States v. Lebanese Canadian Bank,* 285 F.R.D. 262, 266 (S.D.N.Y. 2021)).

[19] *See Chen Jiaheng,* at *4 (Jan. 19, 2023) (holding e-mail service comports with due process when Defendant provided Amazon with its e-mail address in response to infringement notification); *Rio Properties,* 284 F.3d at 1017 (finding "[w]ithout hesitation" that service of process by e-mail met constitutional due process requirements).

Hague Convention "does not expressly prohibit e-mail service" and that service by e-mail complies with the second requirement of Rule 4(f)(3).[20]

## RULING & ORDER

The court concludes that Plaintiff's requested method of service via e-mail complies with the requirements for service under Rule 4(f)(3). Accordingly, for the reasons set forth above, Plaintiff's Motion for Alternative Service is GRANTED[21] and Plaintiff is authorized to serve Defendant Ming Cong Zhan d/b/a as Zuomeng as follows:

      1. By e-mailing the summons, the complaint and a copy of this order to Defendant at: dweishi@163.com three times per week for three consecutive weeks, not more often than once every other day (unless a written response is received acknowledging receipt of service);

      2. The subject line of each e-mail shall include "Service of Federal Court Summons and Complaint as Ordered by the United States District Court for the District of Utah"; and

      3. Upon completion of these steps, Plaintiff shall file a declaration or proof of compliance with the Court's order once service is complete.

DATED: March 10, 2025.

BY THE COURT

_____
Dustin B. Pead
Chief U.S. Magistrate Judge

---

[20] *Neck Hammock,* at *10.

[21] ECF No. 6.